MATTHEW R. WILSON  (CA State Bar No. 290473)
MICHAEL J. BOYLE  (CA State Bar No. 258560)
**MEYER WILSON CO., LPA**
1320 Dublin Road, Suite 100
Columbus, OH  43215
(614) 224-6000
(614) 224-6066 (FAX)
mwilson@meyerwilson.com
mboyle@meyerwilson.com

NICHOLAS A. DICELLO  (OH State Bar No. 075745) (*Pro Hac Vice* to be Filed)
DANIEL FRECH  (OH State Bar No. 0082737) (*Pro Hac Vice* to be Filed)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
ndicello@spanglaw.com
dfrech@spanglaw.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **NOAM LAZEBNIK, M.D.,** ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff<br><br>vs.<br><br>**APPLE, INC.**<br><br>Defendant | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>[Jury Demand Endorsed Hereon] |

Plaintiff Noam Lazebnik, M.D., through undersigned counsel, on behalf of himself and all consumers nationwide who are similarly situated, alleges the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief and the investigation of his attorneys as to other allegations.

**INTRODUCTION**

1. When a consumer buys a ticket to a football game, he does not have to leave at halftime. When a consumer buys an opera ticket, he does not get kicked out at intermission. When a consumer buys a "Season Pass" to a full season of a television show on iTunes, that consumer should get access to the whole season.

2. Defendant Apple, Inc. ("Apple") apparently disagrees. This case is about Apple's deceptive and unfair sales practices with regard to Season 5 of the popular television program "Breaking Bad," which is produced by AMC Networks, Inc., marketed by AMC and Apple and sold through Apple's iTunes platform.

3. From the time Season 5 of Breaking Bad was first announced, it was referred to as the "Final Season" and was slated to include 16 episodes.

4. For example, AMC issued the following press release on May 12, 2012:

> AMC announced today its summer programming slate, including the highly anticipated premiere of the first part of *Breaking Bad*'s final season on Sun., Jul. 15 at 10/9c. The final season of the Emmy® Award-winning and critically acclaimed drama, produced by Sony Pictures Television, consists of 16 episodes, with the first eight episodes beginning July 15th and culminating with the series' final eight episodes next summer 2013.
>
> http://blogs.amctv.com/breaking-bad/2012/05/season-5-premiere-announced/

5. In describing the current season, their website indicates that:

> AMC's Emmy® Award-winning drama *Breaking Bad* returns to AMC for its final eight episodes on Sun., Aug. 11 at 9/8c. **At the end of the first half of Season 5**, Jesse (Aaron Paul) has abandoned the meth business and parted ways with Walt, who claims to Skyler (Anna Gunn) that he, too, is finished.

6. AMC, in presenting video clips and summaries from past and current episodes on its website, continues to present the 8 episodes that aired in 2012 and the 8 episodes currently airing collectively as "Season 5." (Ex. 1)

7. AMC's website identifies and numbers the episodes currently airing on AMC as Season 5, Episode 9 (509), Season 5, Episode 10 (510), etc. (Ex. 2)

8. Breaking Bad's creators, writers and actors have consistently referred to the final 16 episodes as "Season 5," sometimes describing the two 8-episode runs as "Part 1" and "Part 2" of Season 5, but never as two separate seasons. (Ex. 3)

9. On or around the time the first episode of Season 5 became available on iTunes, Apple began selling a "Season Pass" for the program.

10. Customers would pay a one-time charge, in this case $21.99 for high definition ("HD") and $13.99 for standard definition ("SD"), and in exchange they were promised: "[t]his Season Pass includes all current and future episodes of Breaking Bad, Season 5."

11. The iTunes informational page regarding the "Season Pass" option explained (and still explains, as of the date of the filing of this Complaint) that "[p]urchasing a Season Pass gets you **every episode in that season** and at a better price than if you were to purchase it one at a time." (Ex. 4) (emphasis added)

12. Therefore, customers who purchased a "Breaking Bad: Season 5" Season Pass from iTunes reasonably believed that they would receive access to all 16 episodes of Season 5, as announced and promoted by AMC, the network responsible for producing and airing the program on "live" TV, just as Apple had promised.

13. However, when the second half of Season 5 started to air on AMC and became available on iTunes in early August of 2013, iTunes customers who had purchased a Season Pass did *not* have access to the new episodes.

14. Instead, Apple chose to treat the final 8 episodes – what AMC is calling the second half of Season 5 – as a ***different season***. (Ex. 5)

3

15. Apple deemed the new episodes a "Final Season" that it did not consider part of Season 5, and expected individuals who had already purchased Season 5 to pony up another $22.99 or $14.99 in order to access it.[1]

16. Apple made this decision despite the fact that its customers who purchased a Season Pass prior to the release of Episode 9 of Season 5 were specifically informed in writing that they were paying for "all current and future" episodes of Season 5.

17. In fact, up until the very point in time that Apple first made the final 8 episodes available, Apple was still evidently informing its customers who inquired that "Season 5" would include all 16 episodes.[2]

---

[1] This is one of several complaints regarding this practice currently posted on the product page for Breaking Bad "The Final Season" on iTunes:

> **Great Show/Shame on iTunes**
>
> by lambert of NC
>
> It is too bad that BB will suffer from this poor delivery (unless this was their intention all along.) This season was billed as "the end" long before it began last fall. They announced it, and iTunes new [sic] that. Why would they go and split it in half with a shady title like "the final season." The first 8 episodes ARE part of the final season. I bought a season pass and I feel completely betrayed. Again, it is too bad that Breaking Bad was the vehicle of this train wreck.

https://itunes.apple.com/us/tv-season/breaking-bad-the-final-season/id665386598
Retrieved September 2, 2013

[2] See the following, e.g., which is a response a customer received from iTunes customer service regarding this issue in July of 2013 and posted to a discussion board on Apple's website:

> "Dear Don,
>
> Welcome to iTunes Store Customer Support. My name is Bibin and I am glad to help you today.
>
> I understand that you would like to know more about a season pass you purchased. I understand the issue and I am happy to provide you necessary information.
>
> Don, as you have purchased season pass, whenever an episode aired, you will be notified. **You do not have to purchase the remaining episodes again as well.**

4

18.     Apple's behavior was deceptive, fraudulent and undertaken only to maximize its revenue with regard to Season 5 of Breaking Bad, the most popular TV program on iTunes, all at the expense of its customers.

## JURISDICTION AND VENUE

19.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative Class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed Class is a resident of a different state than the Defendant.

20.     Venue is proper in the Northern District of California, pursuant to 28 U.S.C. 1391, because Apple is headquartered in this District, is subject to personal jurisdiction here, and regularly conducts business here, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred and continue to occur in that District.

21.     Further, the terms and conditions that govern the use of Apple's iTunes service dictate that:

> All transactions on the iTunes Service are governed by California law, without giving effect to its conflict of law provisions. Your use of the iTunes Service may also be subject to other laws. You

---

 I hope that this will resolve your issue.

If you have any further questions, feel free to contact us and we will be happy to assist you.

Have a nice day!

Sincerely,

Bibin
iTunes Store Customer Support"

https://discussions.apple.com/thread/5184008?start=15&tstart=0
Retrieved September 2, 2013.

5

expressly agree that exclusive jurisdiction for any claim or dispute with Apple or relating in any way to your use of the iTunes Service resides in the courts in the State of California.

## THE PARTIES

22. The named Plaintiff is an Ohio resident

23. Defendant Apple, Inc., is a publicly-traded Delaware corporation.

24. Apple's principal place of business is in Cupertino, California.

## THE CONSUMER TRANSACTION BETWEEN PLAINTIFF AND APPLE

25. On or about September 20, 2012, Plaintiff purchased a "Season Pass" for Season 5 of Breaking Bad on Apple's iTunes service.

26. The purchase was made by Plaintiff, Dr. Noam Lazebnik.

27. The purchase was paid for using a credit card belonging to Plaintiff, but his son-in-law, Jeremy Tor, actually completed the transaction, using his iTunes account.

28. Plaintiff and Mr. Tor were fans of the show and had watched the previous four seasons.

29. When he purchased his "Season Pass," Plaintiff and Mr. Tor were pleased that his purchase would include all "current and future" episodes of Season 5. Mr. Tor saw and specifically relied upon Apple's promise that the "Season Pass" would include all current and future episodes of Season 5.

30. Plaintiff and Mr. Tor understood, from AMC's announcement and advertising and press reports based on AMC's announcement, that Season 5 would constitute 16 episodes.

31. Prior to Plaintiff's purchase, Mr. Tor related to Plaintiff Apple's promise on the iTunes site that the Season Pass would include all of Season 5.

32. The Plaintiff and Mr. Tor watched the first 8 episodes of Season 5 and waited for the second half of the season to become available.

33. However, when the second half of Season 5 first started to air on AMC and become available on iTunes, Plaintiff and Mr. Tor realized that the "future episodes" of Season 5 Plaintiff had been promised and had paid for were not, in fact, being provided to him.

34. Instead, Plaintiff realized he was being asked to pay anew for the second 8 episodes of Season 5, notwithstanding Apple's clear representations that Plaintiff had already purchased access to the full season.

35. Plaintiff and Mr. Tor purchased Episode 9 of Season 5 for $2.99.

36. Mr. Tor later reached out to Apple and indicated that he felt Plaintiff had not received what he had paid for and that Plaintiff should be given access to the second half of Season 5.

37. Apple informed him that it considered the second half of Season 5 to be a different season, which it refers to as the "Final Season," and which it was then selling on iTunes for an additional $22.99.

38. Apple grudgingly refunded the $2.99 Plaintiff had spent to purchase Episode 9 of Season 5, but it told Mr. Tor that if Plaintiff wanted to watch the remaining 7 episodes, he would have to pay for them - again. (Ex. 5)

39. As such, Plaintiff was deprived of the benefit of the bargain he struck with Apple and was unfairly deceived, misled and taken advantage of by Apple's promise to deliver something it never intended to provide.

## THE CONSUMER TRANSACTIONS BETWEEN
## THE PUTATIVE CLASS AND APPLE

40. Each member of the putative Class entered into a consumer transaction with Apple identical to the one entered into by Plaintiff; that is, Class members purchased Season 5 of Breaking Bad on iTunes at a time when Apple represented that a purchase of Season 5 included all 16 episodes of Season 5.

41. For each Class member, Apple has breached that contract by refusing to provide access to all 16 episodes of Season 5.

42. In each case, the putative Class member was induced to enter into the transaction with Apple because of a material misrepresentation – specifically, that the consumer was purchasing "all current and future episodes" of Season 5.[3]

---

[3] A few salient examples of complaints regarding this issue currently posted on a discussion board on Apple's website:

suspendedrain

Currently Being Moderated
**Re: Breaking Bad Season 5/Final Season**
Aug 12, 2013 3:16 PM (in response to Kevin Maness)

I agree. I too purchased season 5 with the understanding that it would contain the entire 5th season. I will never subscribe to programming before it is complete again. This is very unethical... Very disappointing iTunes! You should stand by your descriptions... not change them after the fact! ☹

insert_name_here somewhere
Currently Being Moderated
**Re: Breaking Bad Season 5/Final Season**
Aug 16, 2013 12:51 PM (in response to epruss)

I'll say this one last time to apple. It's simple, you advertised season 5 (all episodes) and we bought it. If the content provider changed their minds you tell them it is too late or you honor the agreement you made to us and pay for it yourselves. If you made the mistake in your advertising than you pay for the mistake. 100% it wasn't our fault so we should not pay for it.

Having said all that, I have no expectation of anything from Apple and I just won't buy through iTunes in the future.

43. In each case, Apple's misrepresentation and failure to live up to its word has harmed the putative Class members in a quantifiable amount.

44. All of Apple's Breaking Bad Season 5 Season Pass advertisements during the relevant Class Period contain a false representation and/or omit a material fact.

45. Apple intended for Plaintiff and Class members to rely upon and trust Apple's advertisements.

46. Plaintiff makes the following specific fraud allegations with as much specificity as possible:

    a. **Who:** Defendant Apple, Inc.

    b. **What:** Apple expressly represented that the Season 5 Season Pass entitled customers to all 16 episodes of Season 5 by stating, *inter alia,* that "[p]urchasing a Season Pass gets you ***every episode in that season*** and at a better price than if you were to purchase it one at a time." (Ex. 4) (emphasis added). Likewise, Apple never said that a Season 5 Season Pass would only entitle consumers to half of Season 5.

    c. **When:** Starting no later than August 2012.

    d. **Where**: On Apple's iTunes Store page for Season 5 of Breaking Bad, available to all registered users of the iTunes service.

    e. **How:** Apple has affirmatively misrepresented whether customers who purchased the Season 5 Season Pass would be entitled to all 16 episodes of the season.

    f. **Why**: For the purpose of inducing Plaintiff and Class members to purchase the Season 5 Season Pass.

## CLASS CERTIFICATION IS APPROPRIATE

47. Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as a Class pursuant to Fed. R. Civ. P. 23(a), (b)(2), and/or (b)(3), as described below.

48. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Fed. R. Civ. P. 23.

49. The Class is so numerous that the individual joinder of all its members, in this or any action, is impracticable. The exact number or identification of Class members is presently unknown to Plaintiff, but based on Apple's own representation that Breaking Bad is the most popular television show downloaded via the iTunes service, it is likely to number at least in the tens or hundreds of thousands, making joinder impractical. The Class is composed of an easily ascertainable set of individuals who purchased the Season Pass for Season 5 of Breaking Bad.

50. Common questions of fact and law that are capable of class-wide resolution exist as to all Class members and predominate over questions affecting only individual Class members. The answers to these common questions will advance this litigation significantly. Common questions capable of generating common answers apt to drive the resolution of the litigation include, but are not limited to, the following:

    a. Whether Apple's advertising and marketing of the Season Pass to Season 5 of Breaking Bad represented that customers would be entitled to the entirety of Season 5;

    b. Whether Apple's refusal to allow purchasers of the Season Pass for Season 5 to access the 2013 episodes constitutes deception, fraud,

false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of a material fact;

c. Whether Apple advertised the Season Pass for Season 5 with the intent that others rely on the representation that customers would be entitled to the entire 16-episode season; and

d. Whether Plaintiff and the Class are entitled to damages and/or declaratory relief.

51. The answers to these questions will be the same for Plaintiff and Class members, and will establish (or not establish) elements of Plaintiff's and Class members' claims.

52. Plaintiff's claims are typical of the claims of other Class members, in that Plaintiff, like all Class members, was sold a Season Pass for Season 5 of Breaking Bad that Apple has not fully honored.

53. The factual bases of Apple's misconduct are common to all Class members and represent a common thread of fraudulent misconduct resulting in injury to all Class members. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for him and all other Class members.

54. Plaintiff is an adequate representative of the Class because he is a Class member and does not have interests that conflict with those of the other Class members he seeks to represent. Plaintiff is represented by experienced counsel who have litigated numerous class action lawsuits, including class actions involving consumer claims similar to this one, and Plaintiff's counsel intend to prosecute this action vigorously for the benefit of the entire Class. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of all Class members.

55. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Apple has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

56. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class members have been damaged and are entitled to recovery as a result of Apple's refusal to fully honor its Season Pass for Season 5 of Breaking Bad. Apple has computerized customer data that will make calculation of damages for specific Class members relatively simple.

57. A class action is the best available method for the efficient adjudication of this litigation. It would be impracticable and undesirable for each member of the Class who has suffered or may suffer harm to bring a separate action for these claims. In addition, the commencement of separate actions would put a substantial and unnecessary burden on the courts, while a single class action can determine the rights of all Class members with judicial economy.

58. The Class should be defined as follows:

- **All persons who purchased Season 5 of Breaking Bad through Apple's iTunes service on or before approximately August 12, 2013, which is the last date prior to when Episode 9 of that season became available on iTunes.**

59. Excluded from the Class are (1) Apple, any entity in which Apple has a controlling interest, and its legal representatives, officers, directors, employees, assigns

and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; and (3) claims for emotional distress.

60. Plaintiff reserves the right to modify the Class definition after discovery and at any time up to and including trial.

61. The Class should be certified and each Class member should be compensated in a manner that will put the Class member in the position the member would have been in had Apple delivered the service it had promised.

## COUNT I: BREACH OF CONTRACT
### (Individually And On Behalf Of The Class)

62. Plaintiff incorporates by reference the preceding paragraphs.

63. Apple entered into a contract with the Plaintiff and each member of the putative Class when Plaintiff and Class members purchased Season 5 of "Breaking Bad" through Apple's iTunes service.

64. That contract provided that in exchange for a fixed sum, $21.99 in the case of the Plaintiff, Apple would provide the purchaser with access to "all future and current episodes" of Season 5 of Breaking Bad.

65. "Season 5" of Breaking Bad consists of the 16 episodes airing over the course of 2012 and 2013. It is so defined by the individuals writing, producing and airing the program and has been advertised as such.

66. Prior to their purchase of the Season 5 Season Pass, Apple never informed Plaintiff or Class members that when *Apple* referred to "Season 5," unlike the producers, writers, and directors of the show and the network on which it airs, *it* meant something other than all 16 episodes of Season 5.

67. Thus, when Apple failed to make the final 8 episodes of Season 5 of Breaking Bad available to the Plaintiff and the putative Class, pursuant to the terms of the contract, Apple breached that contract.

68. Because the Plaintiff and each member of the putative Class were deprived the benefit of the bargain and either forced to pay an additional $22.99 for those episodes or simply not allowed to view them, they were damaged by the breach.

WHEREFORE, Plaintiff and the Class demand judgment as follows:

1. Compensatory damages in an amount according to proof;

2. Prejudgment interest at the maximum rate permitted by applicable law; and

3. Such other relief as this Court deems just and proper.

**COUNT II: VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**(Individually And On Behalf Of The Class)**

69. Plaintiff incorporates by reference the preceding paragraphs.

70. Pursuant to § 1770 of the California Consumers Legal Remedies Act:

(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have….

(9) Advertising goods or services with intent not to sell them as advertised….

(14) Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law….

71. The Plaintiff is a "consumer" as defined by California Civil Code § 1761(d).

72. Similarly, all members of the putative Class are U.S. residents and each is a "consumer" as defined by California Civil Code § 1761(d).

73. Each putative Class member's purchase of Season 5 of Breaking Bad from Apple was a "transaction" as defined by California Civil Code § 1761.

74. Apple represented to the Plaintiff and the putative Class that the service Plaintiff was purchasing – electronic access to Season 5 of Breaking Bad through the Defendant's iTunes service – contained a greater quantity of episodes (16) than were in fact provided, in violation of § 1770(a)(5).

75. Apple represented to the Plaintiff and the putative Class that the service Plaintiff was purchasing – electronic access to Season 5 of Breaking Bad through the Defendant's iTunes service – had a characteristic of being the complete Season 5 of Breaking Bad when, in fact, it was not. This was done in violation of § 1770(a)(5).

76. Apple advertised that in exchange for a fixed fee, the Plaintiff and the putative Class would receive "all current and future episodes" of Breaking Bad: Season 5. Apple had no intention of providing those episodes. This was done in violation of § 1770(a)(9).

77. Apple represented to the Plaintiff and the putative Class that it would have the right to download all current and future episodes of Breaking Bad, Season 5. But Apple never intended to grant Plaintiff the right to download all 16 episodes of Season 5, in violation of § 1770(a)(14).

78. § 1781 of the California Consumers Legal Remedies Act indicates that:

> (a) Any consumer entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated, bring an action on behalf of himself and such other consumers to recover damages or obtain other relief as provided for in Section 1780. (b) The court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:

15

> (1) It is impracticable to bring all members of the class before the court.
>
> (2) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.
>
> (3) The claims or defenses of the representative plaintiff are typical of the claims or defenses of the class.
>
> (4) The representative plaintiff will fairly and adequately protect the interests of the class.

79. Thus, the General Assembly has specifically provided for class treatment of cases of this nature.

80. Plaintiff explicitly seeks only equitable relief under the California Consumers Legal Remedies Act.

WHEREFORE, Plaintiff and the Class demand judgment as follows:

1. A declaration that Apple's sales practices as described herein are wrongful, unfair, unconscionable and in violation of California law;

2. Enjoining Apple from further use of misrepresentative descriptions and claims in the advertising in violation of California law;

3. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees, pursuant to applicable law; and

4. Such other relief as this Court deems just and proper.

**COUNT III: VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION ACT**
**(On Behalf Of Plaintiff and on behalf of the Class)**

81. Plaintiff incorporates by reference the preceding paragraphs.

82. Bus. & Prof. Code § 17200 states, in relevant part, that:

> [U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

16

83. Apple's acts, conduct and practices, as alleged herein, were unlawful in that Apple's conduct violated the Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*, as specified and alleged in Count II of this Complaint.

84. Apple's acts, conduct and practices, as alleged herein, were unfair in that Apple affirmatively misrepresented at all times to Plaintiff and Class members that a Season Pass to Season 5 of Breaking Bad would entitle the consumer to all 16 of the Season 5 episodes when, in fact, the 8 episodes aired in 2013 would be available only after purchasing a new Season Pass.  This misrepresentation and/or omission offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members in that they were led to believe that the Season Pass for Season 5 of Breaking Bad had qualities and benefits that it does not have.

85. The injury to Plaintiff and Class members greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances, and served no purpose but to mislead the public and line Apple's pockets.

86. There were reasonably available alternatives to further Apple's legitimate business interests, other than the conduct described herein.

87. Apple's statements regarding the sale of Season 5 of Breaking Bad on its iTunes service were also fraudulent in that they deceived and/or likely to have deceived Plaintiff and Class members.  Specifically, Apple intentionally and misleadingly advertised that the Season Pass for Season 5 of Breaking Bad would entitle customers to the entire 16-episode season, when that was not the case.

88. Because Apple has violated the unfair competition law, Bus. & Prof. Code §§ 17200, *et seq.,* an action under Bus. & Prof. Code § 17206 is proper and necessary

to prevent Apple from continuing to engage in deceptive advertising practices and preying on consumers.

89. As a result of Apple's unlawful, unfair and fraudulent business practices, Plaintiff and Class members have suffered injury in fact and have lost money or property. Pursuant to California Bus. and Prof. Code § 17203, Plaintiff and Class members are therefore entitled to equitable relief, including restitution of all monies paid to and/or received by Apple; disgorgement of all profits accruing to Apple because of its unfair and improper business practices; a permanent injunction enjoining Apple from its unfair business activities; and any other equitable relief the Court deems proper.

WHEREFORE, Plaintiff and the Class demand judgment as follows:

1. Declaration that Apple's sales practices as described herein are wrongful, unfair, unconscionable and in violation of California law;

2. Enjoining Apple from further use of misrepresentative descriptions and claims in its advertising in violation of California law;

3. Restitution and disgorgement of profits;

4. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees, pursuant to applicable law; and

5. Such other relief as this Court deems just and proper.

## **DAMAGES**

90. Plaintiff and each member of the putative Class – whether they ultimately spent additional monies to purchase additional individual episodes (among Episodes 9-16 of Season 5) or the entire second half of Season 5 or not – were deprived of services,

specifically access to Episodes 9-16 of Season 5, that Apple itself values between $14.99 and $22.99, depending on format.

91. Plaintiff was denied access to the HD version of Episodes 9-16, despite having paid for them, and was therefore damaged in the amount of $22.99. However, Plaintiff did receive a refund of $2.99 from Apple, which appropriately reduces his right to recover by that amount.

92. Plaintiff's damages are therefore $20.

93. Each Class member's damages can be similarly calculated – mathematically and from Apple's own records, by taking the cost of the episodes they were or will be inappropriately denied access to and, where applicable, reducing that amount by any related rebates they might have received.

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby requests that the within matter be tried by a jury of the maximum number allowed by law.

September 6, 2013

s/ Matthew R. Wilson
MATTHEW R. WILSON (CA Bar No. 290473)
MICHAEL J. BOYLE, JR. (CA Bar No. 258560)
**MEYER WILSON CO., LPA**
1320 Dublin Road, Suite 100
Columbus, OH 43215
(614) 224-6000
(614) 224-6066 (FAX)
mwilson@meyerwilson.com
mboyle@meyerwilson.com

NICHOLAS DICELLO (OH Bar No. 075745)
(*Pro Hac Vice* To Be Filed)
DANIEL FRECH (OH Bar No. 0082737)
(*Pro Hac Vice* To Be Filed)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*dfrech@spanglaw.com*

***Counsel for Plaintiff and the Proposed Class***